**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DAVID RICE,** § | |
|    **Plaintiff,** § | |
| § | |
| **vs.** § | |
| § | **CIVIL ACTION NO. _____** |
| **(1.) CHICAGO BRIDGE & IRON** § | |
| **COMPANY AND** § | |
| **(2.) CAMERON LNG, LLC,** § | |
|    **Defendants.** § | |

**PLAINTIFF DAVID RICE'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **NOW COMES** David Rice, hereinafter called Plaintiff, complaining of and about Chicago Bridge & Iron Company and Cameron LNG, LLC, hereinafter called Defendants, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

  1. Plaintiff David Rice, is a citizen of the United States and the State of Texas and currently resides in Rusk County, Texas.

  2. Defendant Chicago Bridge & Iron Company may be served by serving CT Corporation, its agent authorized to accept service at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

  3. Defendant Cameron LNG may be served by serving Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, its agent authorized to accept service at 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.

**JURISDICTION**

  4. The action arises under the Americans with Disabilities Act, as amended. 42 U.S.C.

§ 12101, et seq.

5. Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas. In particular, Plaintiff was recruited to work for Defendants while Plaintiff was living in Gilmer, Upshur County, Texas. All of Plaintiff's communications with Defendants' agents and representatives as described herein took place while Plaintiff was at his home located in Upshur County, Texas. Upshur County is located within the Marshall Division of the Eastern District of Texas.

## NATURE OF ACTION

6. This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

8. In March 2017, David Rice was living in Gilmer, Upshur County, Texas. Mr. Rice completed a telephone job interview with James Dees of Craft Recruiting Cameron LNG and Chicago Bridge & Iron. Mr. Rice was being considered for a position as an Instrument Fitter Foreman. In the course of the interview, Mr. Rice informed Mr. Dees that Mr. Rice is an amputee and that he has a prosthetic leg. Mr. Dees asked Mr. Rice if Mr. Rice could climb. Mr. Rice assured Mr. Dees that he could climb without problem and did not require any type of accommodation

because of the prosthesis.

9. On or about March 23, 2017, Mr. Rice was offered the position of Instrument Fitter Foreman by James Dees. Mr. Rice accepted the job. Mr. Rice was told that he would be contacted with a job assignment and a date on which he was to report for work. Mr. Rice, however, never received a call regarding his assignment.

10. On or about March 25, 2017, Mr. Rice called Mr. Dees. Mr. Dees told Mr. Rice that Mr. Rice's employment was on hold because of concerns regarding Mr. Rice's disability.

11. On or about March 26, 2017, Mr. Rice called Mr. Dees at least three times to find out when he could report for work, but Mr. Rice never received a call back. Mr. Rice was never given the promised position, and the only explanation Mr. Rice have ever been given is concern over his missing leg.

## AMERICANS WITH DISABILITY ACT

12. Defendants, by and through Defendants' agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his disability.

13. Defendants, by and through Defendants' agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

14. At all material times, Plaintiff was able to perform the essential functions of his position without accommodation. Plaintiff has a disability, has a record of a disability, and is regarded as having a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of his disability, record of a disability, and perception of having a disability.

15. Plaintiff alleges that Defendants, by and through Defendants' agents, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

## RESPONDEAT SUPERIOR AND RATIFICATION

16. Whenever in this complaint it is alleged that the Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

## DAMAGES

17. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a. All money and benefits David Rice should have earned but for the illegal disability discrimination;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

    g. Front pay in an amount the Court deems equitable and just to make Plaintiff

       whole;

h. Interest;

i. Loss of enjoyment of life;

j. Mental anguish in the past;

k. Mental anguish in the future;

l. Loss of earnings in the past;

m. Loss of earning capacity which will, in all probability, be incurred in the future; and

n. Loss of benefits.

## EXEMPLARY DAMAGES

18. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, David Rice, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: */s/Gregory S. Porter*
Gregory S. Porter
Texas Bar No. 24002785
Email: greg@gregporterlaw.com
3311 Woods Blvd
TYLER, TX 75707
Tel. (903) 561-5144
Fax. (903) 705-6253

Nicholas L. Everett
State Bar No. 24087005
514 Hampton Hill
Tyler, Texas 75703
Phone: (903) 530-1115
nick@etxtaxlaw.com

**ATTORNEYS FOR DAVID RICE**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**